Filed 6/13/25  P. v. Raya CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083148 |
| v. | (Super.Ct.No. RIF096795) |
| DANIEL ANTHONY RAYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Helios (Joe) Hernandez, Judge.  (Retired judge of the Riverside Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

At a hearing pursuant to Penal Code section 1172.75,[1] the court denied defendant and appellant Daniel Anthony Raya's request for a full resentencing hearing. On appeal, defendant contends this court should reverse the order and remand the matter to the trial court with directions to hold a full resentencing hearing. We affirm.

## I.  PROCEDURAL BACKGROUND

On February 3, 2006, a jury convicted defendant of attempted robbery (§§ 211, 664, count 1); assault with a deadly weapon (§ 245, subd. (a)(1), count 2); willful, deliberate, and premeditated attempted murder (§§ 187, subd. (a), 664, count 3); shooting at an inhabited dwelling (§ 246, count 4); and two counts of actively participating in a criminal street gang (§ 186.22, subd. (a), counts 5 & 6). The jury found true allegations that defendant committed counts 1 through 4 for the benefit of a criminal street gang (§ 186.22, subd. (b)), that defendant had personally and intentionally discharged a firearm in count 3 (§ 12022.53, subd. (c)), and that defendant had personally and intentionally discharged a firearm causing great bodily injury in counts 3 and 4 (§ 12022.53, subds. (d) & (e)). (*People v. Raya* (Feb. 14, 2007, E039923) [nonpub. opn.] (*Raya*).)

Defendant admitted he had suffered a prior strike conviction (§ 667, subds. (c) & (e)(1)) and prior prison term (§ 667.5, subd. (b)). The court sentenced defendant to an

---

[1]  All further statutory references are to the Penal Code.

aggregate term of 110 years to life, plus six years four months in prison.[2] (*Raya*, *supra*, E039923.)

Defendant appealed. By opinion filed February 14, 2007, this court affirmed the judgment but remanded the matter for resentencing.[3] (*Raya, supra,* E039923.) On remand, the court resentenced defendant to 81 years four months plus life.[4]

At a hearing on December 11, 2023, defense counsel noted, "In this case [defendant] had two prison priors added to an amended abstract in 2007, and the [California Department of Corrections (CDCR)] just sent a letter in June indicating that the prison priors had never been on an abstract and didn't appear in the minutes."[5]

---

[2] The original sentencing court did not address the prior prison term enhancement at all. Thus, the reporter's transcript, minute order, and abstract of judgment from the sentencing hearing all lack any reference to the prior prison term enhancement.

[3] This court's opinion, likewise, made no mention of a prior prison term enhancement. (*Raya*, *supra*, E039923.)

[4] The resentencing minute order reflects that the court imposed a sentence of 81 years four months plus life. Like the original sentencing minute order, it does not reflect any acknowledgment of a prior prison term enhancement. The resentencing abstract of judgment, on the other hand, reflects that the court resentenced defendant to 83 years four months, including a consecutive year on *each of two* prior prison term enhancements. However, the People neither charged, nor did defendant admit, that he had suffered *two* prior prison terms. There is no reporter's transcript of the resentencing hearing in the record to explain the conflict.

[5] "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; accord, *People v. Burgess* (2022) 86 Cal.App.5th 375, 382.)

The People responded, "I didn't have any priors showing on the minutes or on the abstract when I initially prepped this case . . . ." Defense counsel replied, "There's two prison priors that show on the amended abstract. There was only one prison prior charged in the case." "I guess my position is that as of today he is still serving a prison term on those prison priors because that's what CDCR has had since 2007. So for the better of over 15 years he has been serving on the prison priors that never got caught that they were probably incorrect."

The People opined, "I think what needs to happen in this case is the abstract, as the CDCR mentioned, needs to be corrected to reflect that there were never any [section] 667.5[, subdivision ](b) priors imposed." "Neither in the minutes nor in the remittitur was a [section] 667.5[, subdivision ](b) [enhancement] ever referenced, and so this was just an administrative error that those priors are appearing on the abstract."

In a discussion between the court and defense counsel, defense counsel confirmed that defendant had been charged with a single prior prison term, that the original abstract did not reflect any prior prison terms, and that the amended abstract in 2007 reflected two prior prison terms. Defense counsel was unable to find anything in the trial record to reflect whether defendant admitted the prior prison term, whether it was ever found true, or whether it was ever found not true.

The People again posited, "there were never any [section] 667.5[, subdivision ](b) priors imposed in this case. The abstract is just wrong. It needs to be corrected." Defense counsel responded, "I believe, though, this is an error that should entitle this

4

person to a full resentencing because they have been serving under two [section] 667[.5, subdivision ](b) prison priors since 2007."

The court agreed with the People, "especially since it went through the Court of Appeals and that they didn't indicate they noticed any prison priors. So I will correct the abstract of judgment to indicate there never were any prison priors." "I think that since I'm agreeing that the abstract of judgment was incorrect, there is no [section] 667.5[, subdivision ](b) [enhancement]. Since one doesn't exist, there is no resentencing." The court corrected the abstract of judgment to reflect no section 667.5, subdivision (b) enhancements.

## II. DISCUSSION

Defendant contends this court should reverse and remand the matter with directions to the trial court to hold a full resentencing hearing. Defendant maintains that despite the procedural irregularities, the People alleged, and defendant admitted a prior prison term enhancement. Since that enhancement was purportedly, eventually included on an abstract of judgment, albeit as one of two in 2007, defendant asserts he was serving a sentence that included a prior prison term enhancement, which should allow him a full resentencing hearing.

The People argue that the appearance of the enhancements on the 2007 minute order were the result of clerical error, such that defendant was not entitled to a full resentencing hearing. We agree with the People.

5

Senate Bill No. 483 (2021-2022 Reg. Sess.) added section 1171.1 to the Penal Code (Stats. 2021, ch. 728), which the Legislature subsequently renumbered, without substantive change, as section 1172.75 (Stats 2022, ch. 58, § 12, eff. June 30, 2022). (*People v. Rhodius* (2023) 97 Cal.App.5th 38, 42, fn. 4, review granted Feb. 21, 2024, S283169.) "Section 1172.75, subdivision (a), states that '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid.' [Citation.] Section 1172.75 instructs the CDCR to identify those persons in their custody currently serving a term for a judgment that includes an enhancement under section 667.5[, subdivision ](b) (excluding sexually violent offenses) and provide such information to the sentencing court that imposed the enhancement. [Citation.] Subsequently, the sentencing court 'shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.]" (*Id.* at p. 42.)

"[A] stricken enhancement is not an imposed enhancement within the meaning of section 1172.75, subdivision (a)." (*People v. Tang* (2025) 109 Cal.App.5th 1003, 1005 [Defendant not entitled to resentencing where the trial court stayed the enhancement, but the appellate court modified the judgment on direct appeal to strike the prior prison term].)

"An abstract of judgment is not the judgment of conviction; it does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize. [Citation.]" (*People v. Mitchell* (2001) 26 Cal.4th 181, 185; accord, *People v. Pantaleon* (2023) 89 Cal.App.5th 932, 941.) "Of course, 'the defendant . . . bears the burden to provide a record on appeal which affirmatively shows that there was error below, and any uncertainty in the record must be resolved against the defendant.' [Citation.] [Where] appellant has failed to provide an adequate record for review, his claim fails. [Citation.]" (*People v. Moore* (2021) 68 Cal.App.5th 856, 866.)

Here, the record fails to disclose the intent of either the sentencing or resentencing court regarding the prior prison term, which defendant admitted. It could be that the original sentencing court intended to strike the enhancement, which is why it does not appear on the original abstract or minute order. Any uncertainty in the record must be resolved against defendant. (*People v. Moore*, *supra*, 68 Cal.App.5th at p. 866.)

Likewise, the discrepancy between the resentencing minute order and resentencing abstract appears to reflect a clerical error in the preparation of that abstract. Indeed, defense counsel, the People, and the court below all believed the resentencing abstract was the result of clerical error. At minimum, the clerk preparing the abstract erred in indicating that there were *two* prior prison term enhancements. Again, any uncertainty must be resolved against defendant. (*People v. Moore*, *supra*, 68 Cal.App.5th at p. 866.)

Therefore, the resentencing abstract's apparent failure to accurately reflect the resentencing court's intent must be construed as the result of clerical error; thus, it does

7

not control.  Here, where the record fails to affirmatively show the court below erred in determining that prior prison terms merely appeared on the resentencing abstract because of clerical error, the record must be resolved against defendant and his appellate claim fails.  Therefore, the court properly declined to grant defendant a full resentencing hearing because no time on the prior prison term enhancements had ever been imposed.

## III.  DISPOSITION

The court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

MILLER

J.

MENETREZ

J.